1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 | ENRIQUE DIAZ,                    )        No. C 13-00621 EJD (PR)
                                     )
12 |          Plaintiff,             )        ORDER OF DISMISSAL WITH LEAVE
                                     )        TO AMEND
13 |   vs.                           )
                                     )
14 |                                 )
   M. PEREZ, et. al.,                )
15 |                                 )
             Defendants.             )
16 | _____    )

17

18        Plaintiff, a state prisoner at Salinas Valley State Prison, filed the instant civil rights

19 action in pro se pursuant to 42 U.S.C. § 1983.  Plaintiff's motion for leave to proceed in

20 forma pauperis will be granted in a separate written order.

21

22                                    **DISCUSSION**

23 **A.    Standard of Review**

24        A federal court must conduct a preliminary screening in any case in which a

25 prisoner seeks redress from a governmental entity or officer or employee of a

26 governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify

27 any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

28 claim upon which relief may be granted or seek monetary relief from a defendant who is

1   immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be

2   liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

3   1988).

4       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

5   elements: (1) that a right secured by the Constitution or laws of the United States was

6   violated, and (2) that the alleged violation was committed by a person acting under the

7   color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

8   **B.   Plaintiff's Claims**

9       Plaintiff brings several unrelated claims.  He first alleges that a Defendant

10  improperly confiscated his property and gave some of it to a different inmate.  Plaintiff

11  next  alleges that he was also improperly found guilty of a Rules Violation Report

12  ("RVR") and assessed a 120 days forfeiture of credits.  Plaintiff states that a small fire

13  occurred when a hot pot in another cell melted some plastic, but it was quickly put out by

14  correctional officers.  There was a strong odor and a little smoke and Plaintiff states that

15  his cell block should have been evacuated and he suffered medical harm from potentially

16  toxic fumes from the burning plastic.  Plaintiff does not describe any denial of medical

17  care or even specific allegations on how his health was severely harmed.  Finally,

18  Plaintiff presents allegations of retaliation but they are difficult to follow.  A Defendant

19  informed Plaintiff that he was being written up for abusing the appeals process by

20  submitting so many appeals.  Plaintiff states that he became depressed as his rights were

21  being chilled and he began to have suicidal thoughts.  All of these allegations fail to state

22  a claim and this complaint will be dismissed but Plaintiff will be provided leave to amend

23  to attempt to cure the deficiencies described below.

24      Neither the negligent nor intentional deprivation of property states a due process

25  claim under § 1983 if the deprivation was random and unauthorized.  Parratt v. Taylor,

26  451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit),

27  overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986);

28  Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's

property).  The availability of an adequate state post-deprivation remedy, e.g. a state tort

action, precludes relief because it provides adequate procedural due process.  <u>King v.</u>

<u>Massarweh</u>, 782 F.2d 825, 826 (9th Cir. 1986).  California law provides an adequate

post-deprivation remedy for any property deprivations.  <u>Barnett v. Centoni</u>, 31 F.3d 813,

816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Nor is a prisoner protected

by the Fourth Amendment against the seizure, destruction or conversion of his property.

<u>Taylor v. Knapp</u>, 871 F.2d 803, 806 (9th Cir. 1989).  Plaintiff's allegations involve a

random and unauthorized deprivation of property and are not cognizable under section

1983.

     As to plaintiff's request for damages regarding his loss of credits for the RVR, the

United States Supreme Court has held that to recover damages for an allegedly

unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, a section 1983 Plaintiff must

prove that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas

corpus.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 486 (1994).  A claim for damages arising from

a conviction or sentence that has not been so invalidated is not cognizable under section

1983.  <u>Id.</u>; <u>see</u> <u>also</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 645 (1997) (claim arising from loss

of good credits in disciplinary proceeding subject to Heck if success in 1983 case would

result in shortened sentence).  It appears from the complaint that the RVR has not been

invalidated, so the claims for damages also must be dismissed.  <u>See</u> <u>Trimble v. City of</u>

<u>Santa Rosa</u>, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by <u>Heck</u> may be dismissed

sua sponte without prejudice).

     Deliberate indifference to serious medical needs violates the Eighth Amendment's

proscription against cruel and unusual punishment.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97,

104 (1976); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other</u>

<u>grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en

banc); <u>Jones v. Johnson</u>, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  <u>See</u> <u>McGuckin</u>, 974 F.2d at 1059.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted).  The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts.  <u>See</u> <u>Mt.</u> <u>Healthy City Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977).  Retaliation is not established simply by showing adverse activity by a defendant after protected speech; rather, plaintiff must show a nexus between the two.  <u>See</u> <u>Huskey v. City of San Jose</u>, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of <u>post</u> <u>hoc</u>, <u>ergo</u> <u>propter</u> <u>hoc</u>, i.e., "after this, therefore because of this").  Plaintiff must provide more allegations regarding this claim.  Simply stating that he felt "chilled" for being written up is insufficient.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  The complaint is DISMISSED with leave to amend.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint.  The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 13-00621 EJD (PR).  Plaintiff must answer all the questions on the form in order for the action to proceed.

1    **Failure to respond in accordance with this order by filing an amended**

2    **complaint will result in the dismissal of this action without prejudice and without**

3    **further notice to Plaintiff.**

4    The Clerk shall include two copies of the court's complaint with a copy of this

5    order to Plaintiff.

6

7    DATED: _____3/14/2013_____

8    EDWARD J. DAVILA
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Case Number CV 13-0621 EJD (PR)

ENRIQUE DIAZ,

            Plaintiff,              **CERTIFICATE OF SERVICE**

  v.

M. PEREZ, et. al.,

            Defendants.

_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____3/14/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Enrique Diaz**
K-70268
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA 93960

DATED: _____3/14/2013_____
                             Richard W. Wieking, Clerk
                    /s/By: Elizabeth Garcia, Deputy Clerk