IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE DIAZ, | No. C 13-00621 EJD (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| M. PEREZ, et. al., | |
| Defendants. | |

    Plaintiff, a state prisoner at Salinas Valley State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. On April 3, 2013, the Court dismissed the complaint with leave to amend. (See Docket No. 5.) Plaintiff has filed an amended complaint. (Docket No. 6.)

**DISCUSSION**

**A.      Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

Plaintiff alleges that he was issued a false Rules Violation Report ("RVR") by Officer M. Perez for possessing manufactured alcohol and assessed a 120 days forfeiture of credits in retaliation for filing an inmate grievance about an assault on his cell-mate by Officer L. Hernandez. (Am. Compl. at 4-5-A.) Plaintiff claims that Defendants Pennisi, R. A. Kessler and D. Ambriz supervised the authenticity of the report. (Id. at 5-A.) Plaintiff also alludes to two other allegedly false RVRs without explaining the circumstances, while asserting that Officer Perez was acting in retaliation against him for submitting staff complaints against him. (Id. at 7-8-8-A.) At the end of the complaint, Plaintiff states that he was placed in the administrative segregation unit for ten months "due to safety concerns, because Defendants' retaliatory measures applied to Plaintiff for simply engaging in his First Amendment Right to complain." (Id. at 9-A.)

In the Court's Order of Dismissal with Leave to Amend, Plaintiff was advised of the necessary elements for stating a First Amendment retaliation claim. (See Docket No. 5 at 4.) "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Here, Plaintiff's allegations are insufficient to

state a claim because he is missing the fourth element, i.e., that Defendants' actions "chilled" his exercise of his First Amendment rights. According to the amended complaint, Plaintiff continued to file staff complaints despite Defendants' actions. He also alludes to a pending state suit in Monterey County, but there is no allegation that Defendants' actions are interfering with his ability to pursue that action. Retaliation is not established simply by showing adverse activity by a defendant after protected speech; rather, plaintiff must show a nexus between the two. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). Accordingly, this retaliation claim is DISMISSED for failure to state a claim.

Plaintiff's claims for damages in his original complaint for the loss of credits based on the allegedly false RVR was dismissed under Heck v. Humphrey, 512 U.S. 477 (1994). (See Docket No. 5 at 3.) It does not appear from the amended complaint that the RVR has been invalidated, so there is no viable claim for damages. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by Heck may be dismissed sua sponte without prejudice).

Because there are no cognizable claims, the Court has no choice but to dismiss the amended complaint for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b).

## CONCLUSION

For the foregoing reasons, the amended complaint is DISMISSED without leave to amend for failure to state a claim on which relief may be granted.

DATED: 5/1/2013

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ENRIQUE DIAZ,

    Plaintiff,

v.

M. PEREZ, et al.,

    Defendants.
                                    /

Case Number: CV13-00621 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 5/2/2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Enrique Diaz K-70268
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA 93960

Dated: 5/2/2013

                                    Richard W. Wieking, Clerk
                                    /s/ By: Elizabeth Garcia, Deputy Clerk